No. 29,845.

P. G. PORTER, *Appellant,* v. FRED A. WALKER, *Appellee.*

(300 Pac. 1095.)

Opinion filed July 3, 1931.

*Elisha Scott* and *C. Oakley McIntosh,* both of Topeka, for the appellant.
*Keene Saxon* and *S. L. Lashbrook,* both of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for injury to person and property sustained in an automobile collision. The verdict was for plaintiff. The court set aside the verdict, and rendered judgment for defendant. Plaintiff appeals.

The collision occurred at a highway intersection. Porter's automobile, driven by his wife, approached the intersection from the north. Three hundred feet north of the intersection was a highway sign warning of the intersection. Porter's driver sounded the horn of his automobile and reduced its speed, but the automobile entered the intersection at a speed of about thirty miles per hour. Thereafter nothing was done to avert a collision. Walker approached the intersection from the west at a speed of about twenty-five miles per hour. Porter entered the intersection first. Walker was on the right of Porter, and the left front of Walker's automobile struck Porter's automobile back of the right front fender. These facts were found by the jury. The jury also found Walker was negligent, Porter was not negligent, and Walker's negligence caused the injury.

Porter abstracts and complains of but one instruction to the jury. The instruction advised the jury that, under the circumstances, the negligence of Porter's driver should be regarded as his negligence. The instruction was properly given. The petition pleaded that Porter was operating his car, and he testified he was going to Topeka on business of his own.

The trouble with the general verdict and the special finding relating to who was and who was not negligent is that they disregarded the instructions of the court, which Porter did not abstract. For example, as the court told the jury, the statute required Porter to reduce speed as he approached the intersection to a rate not exceeding eight miles per hour, and to maintain such rate until entirely past the intersection. Had Porter done this, Walker would have been beyond the intersection before Porter arrived at the point of collision. No matter how negligent Walker may have been, Porter was not entitled to recover.

There is nothing else of importance in the case, and the judgment of the district court is affirmed.